# EXHIBIT A

# EXHIBIT A
## (Complaint)



Electronically Filed
10/20/2021 3:00 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRADLEY J. MYERS, ESQ. (8857)
MICHAEL C. KANE. ESQ. (10096)
BRANDON A. BORN, ESQ. (15181)
**THE702FIRM INJURY ATTORNEYS**
400 S. 7th Street, 4th Floor
Las Vegas, Nevada 89101
Telephone:     (702) 776-3333
Facsimile:     (702) 505-9787
*E-Mail:*     *service@the702firm.com*
*Counsel for Plaintiff*

CASE NO: A-21-842933-C
Department 4

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

JENNIFER ERNST,

          Plaintiff,

vs.

IGLOO PRODUCTS CORP.; a Foreign
Corporation; COSTCO WHOLESALE
COPRORATION dba COSTCO WHOLESALE
685; a Foreign Corporation; DOES I through X,
inclusive, and; ROE CORPORATIONS XI through
XX, inclusive,

          Defendants.

Case No. :
Dept. No.:

**COMPLAINT AND DEMAND FOR**
**JURY TRIAL**

    Plaintiff, JENNIFER ERNST, by and through her attorneys of record MICHAEL C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and BRANDON A. BORN, ESQ., of THE702FIRM, and for her Complaint against the Defendants, and each of them, states, asserts, and alleges as follows:

**GENERAL ALLEGATIONS**

    1.    Plaintiff, JENNIFER ERNST ("ERNST") is and was, at all times relevant to these proceedings, a resident of Clark County, State of Nevada.

    2.    Upon information and belief, Defendant IGLOO PRODUCTS CORP. ("IGLOO"), is and was, at all times relevant to these proceedings, a Delaware corporation, and conducting business in Clark County, State of Nevada.

    3.    Upon   information   and   belief,   Defendant   COSTCO   WHOLESALE

**THE702FIRM**
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

1

COPRORATION dba COSTCO WHOLESALE 685 ("COSTCO"), is and was, at all times relevant to these proceedings, a Washington corporation, authorized to and conducting business in Clark County, State of Nevada.

4.      Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings that Defendant COSTCO own, occupy, operate, lease, control and manage certain real property in Clark County located at 801 S. Pavilion Center Drive, Las Vegas, Nevada 89011 ("Subject Property.").

5.      That the true names and capacities, whether individual, corporate, association or otherwise of the Defendants, DOES I through X and/or ROE CORPORATIONS XI through XX, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, including but not limited to manufacturer, distributor, designer, retailer, seller of the subject product and its warnings, or lack thereof, and any component parts of said product, as herein alleged. That the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X and/or ROE CORPORATIONS XI through XX, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

6.      Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the Defendants herein designated as DOES and ROES are in some manner, responsible for the occurrences and injuries sustained and alleged herein.

7.      Plaintiff is informed and believes and thereon alleges that at all relevant times herein mentioned Defendants, and each of them, were the agents and/or servants and/or employees and/or partners and/or joint venture partners and/or employers of the remaining Defendants and

1   were acting within the course and scope of such agency, employment, partnership or joint venture

2   and with the knowledge and consent of the remaining Defendants.

3       8.      On or about September 23, 2020, Plaintiff ERNST was assisting non-party, Brett

4   Erdmann, remove an Igloo 90 QT Flip and Tow Cooler ("subject cooler") out of his vehicle.

5       9.      Upon information and belief, the subject cooler was manufactured and/or designed

6   by Defendant IGLOO.

7

8       10.     Upon information and belief, the subject cooler contained an exterior handle with

9   a hanging attachment that, when raised, could be utilized as a tray table support.

10      11.     Upon information and belief, Defendants and/or DOES I through X, inclusive, and

11  ROE CORPORATIONS XI through XX, inclusive, designed, installed, transported, distributed

12  and/or manufactured consumable parts and tools for the subject cooler, including but not limited to

13  exterior handles and tray table supports and attachments.

14      12.     Upon information and belief, on September 23, 2020, while Plaintiff was

15  attempting to remove the subject cooler from Mr. Erdmann's vehicle, she placed her finger in an

16  open space between the exterior handle and the hinge of the table support attachment, which

17  created a hazard unknown to Plaintiff at the time, and when she lifted the subject cooler, the table

18  support attachment was raised ("Dangerous Condition"), and smashed Plaintiff's finger in the

19  open space, thereby causing Plaintiff to sustain severe injuries to her person.

20      13.     Upon information and belief, non-party Brett Erdmann purchased the subject

21  cooler from Defendant COSTCO at the Subject Property.

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

## JURISDICTIONAL STATEMENT

14.   Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

15.   The Eighth Judicial District Court has jurisdiction of this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040 and NRS 41.130 as the occurrence giving rise to this matter took place in Clark County, Nevada and the amount in controversy exceeds $15,000.

## FIRST CAUSE OF ACTION
*Negligence against IGLOO, COSTCO,*
*and DOES I through X, and ROE CORPORATIONS XI through XX*

16.   Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

17.   When purchased, and then later used by Plaintiff ERNST and/or third parties, the subject cooler was in its original state and in the same defective condition that it was in when the Defendants manufactured, sold, or delivered the subject cooler.

18.   At all times relevant, the subject cooler was used by Plaintiff ERNST and/or other third parties for its intended purpose and as directed.

19. At all times relevant, Defendants undertook activities to aggressively advertise, market, and sell the subject cooler.

20.   Defendants, as the designer, manufacuterer, or seller of the subject Product, owed a duty to Plaintiff ERNST to exercise reasonable care. That duty included, but was not limited to, exercising reasonable care by:

a.   Designing the subject cooler in a manner in which it would be reasonably safe so that when used as intended, it would not cause injury;

b.   Manufacturing the subject cooler free of defects or dangerous propensities;

c.   Inspecting the subject cooler to ensure that it was reasonably safe and free from defects;

d.    Adequately testing the subject cooler;

e.    Adequately warning of the subject cooler's dangerous propensities;

f.    Warning of any health hazards or dangers associated with the use of the subject cooler;

g.    Using reasonable care in designing, manufacturing, testing, monitoring, disturbing, and selling the subject cooler.

21.    Defendants, as designers, manufacturers, or sellers, breached duties owed to Plaintiff ERNST by negligently and carelessly:

a.    Failing to design the subject cooler in a manner in which it would be reasonably safe so that when used as intended it would not cause injury;

b.    Failing to manufacture the subject cooler free from defects or dangerous propensities;

c.    Failing to adequately inspect the subject cooler to ensure that it was reasonably safe and free from defects;

d.    Failing to adequately warn of the subject cooler's dangerous propensities;

e.    Failing to adequately monitor the subject cooler and its uses in the community and the general population;

f.    Failing to adequately warn of any hazards or dangers associated with use of the subject cooler;

g.    Failing to use reasonable care in designing, manufacturing, testing, monitoring, distributing, and selling the subject cooler.

22.    Defendants knew or should have reasonably foreseen that their wrongful acts and omissions would cause injury to Plaintiff ERNST.

23.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to her neck, back, bodily limbs, organs, and systems all or some of which conditions may

be permanent and disabling in nature, all to her general damages in a sum in excess of $15,000.00.

24.     As a further direct and proximate result of the Defendants' negligence, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damages in a sum in excess of $15,000.00.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount.

25.     Prior to the injuries complained of herein, Plaintiff was able bodied, readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

26.     Due to her injuries as set forth herein, Plaintiff sustained lost wages and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

27.     Due to her injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future, in an amount in excess of $15,000.00.

28.     Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees, interest and costs incurred herein.

## SECOND CAUSE OF ACTION
### Strict Products Liability – Design Defect, Manufacturing Defect, Failure to Warn against IGLOO, COSTCO and DOES I through X, and ROE CORPORATIONS XI through XX

29.     Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

30.     At all times relevant, Defendants, and each of them, including but not limited to all DOE and ROE Defendants, were the manufacturers, designers, distributors, retailers, marketers, sellers, repairers, and/or maintainers of the subject cooler and/or its subcomponents, which were manufactured for, designed for, distributed to, marketed to, sold to, and/or maintained for use by the general public, all with knowledge that the same would not be inspected or tested by the purchaser or user for defects.

31.   The subject cooler and/or its subcomponents that Plaintiff was using in a foreseeable manner were designed, produced, manufactured, marketed, sold and/or otherwise put into the stream of commerce by Defendants, and each of them, and were used for their intended purposes.

32.   Plaintiff ERNST was a user of the subject cooler and relied upon its safety.

33.   The subject cooler was defectively designed and manufactured because its use resulted in a substantial and unreasonable likelihood of causing physical injury that rendered the subject cooler unreasonably dangerous for its intended use.

34.   The subject cooler was far more dangerous than an ordinary consumer would expect and was unsuitable for its intended purpose.

35.   Defendants failed to warn Plaintiff ERNST of defects associated with the subject cooler.

36.   Plaintiff ERNST was unaware of the dangerous propensities and defective conditions of the subject cooler.

37.   Defendants maintained custody and control of the subject cooler.

38.   As a direct and proximate result of the defect(s) and failure to warn of said defect(s), Plaintiff suffered personal injuries, which were, and are, serious in nature, and which also caused her to suffer great pain of body and mind.

39.   As a further direct and proximate result, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount in excess of $15,000.00.

40.   As a further direct and proximate result, Plaintiff sustained past and future loss of earnings and earning capacity in an amount in excess of $15,000.00.

41.   As a further direct and proximate result, Plaintiff has suffered a loss of enjoyment of life in an amount in excess of $15,000.00.

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

42.     Prior to the injuries complained of herein, Plaintiff was able bodied, readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

43.     Due to her injuries as set forth herein, Plaintiff sustained lost wages and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

44.     That Plaintiff has been forced to retain the service of an attorney to represent them in this action, and as such are entitled to reasonable attorney's fees and litigation costs.

### THIRD CAUSE OF ACTION
*Breach of Implied Warranty against*
*IGLOO, COSTCO*
*and DOES I through X, and ROE CORPORATIONS XI through XX*

45.     Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

46.     At all times relevant hereto Defendant IGLOO is a Delaware Corporation and was engaged in the business of manufacturing, distributing, marketing and/or selling the subject cooler.

47.     At all times relevant hereto Defendant COSTCO is a Washington corporation authorized to do business in the County of Clark, State of Nevada and purchased the cooler from Defendant IGLOO for resale in their retail store.

48.     At the time that Defendants IGLOO manufactured, distributes, marketed and sold the subject cooler to Defendant COSTCO, Defendants knew that the subject cooler was being carried or potentially being carried by its users by its exterior handles and impliedly warranted that the subject cooler was safe and fit for the purpose for which the product was ordinarily used.

49.     Contrary to such implied warranty, the subject cooler was not safe or fit for its intended use, and was and is unreasonably dangerous and unfit for use.

50.     As a direct and proximate result of the conduct of Defendants, as described herein, Plaintiff ERNST suffered bodily injury, pain and suffering, disability, disfigurement, mental

1   anguish, loss of capacity for the enjoyment of life, expense or hospitalization, medical and nursing

2   care and treatment, loss of earnings, loss of ability to earn money, and aggravation of previously

3   existing conditions.   These losses are permanent and continuing in nature and Plaintiff will

4   continue to suffer these losses in the future, all to Plaintiff ERNST's damage in a sum in excess of

5   $15,000.

6

7        51.    That as a direct and proximate result of the aforementioned negligence of all

8   Defendants, Plaintiff ERNST has been required to engage the services of an attorney, including

9   attorney's fees and costs to bring this action.

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment on all claims for relief against the Defendants, and each of them, as follows:

1.    General damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony, in an amount in excess of $15,000.00.

2.    Special damages for Plaintiff's medical expenses, and lost wages, in an amount in excess of $15,000.00.

3.    For compensatory damages, in an amount in excess of $15,000.00.

4.    Costs of suit incurred including reasonable attorneys' fees and interest.

5.    For such other relief as the Court deems just and proper.

DATED this __14th__ day of October, 2021.

THE702FIRM INJURY ATTORNEYS

BRADLEY J. MYERS, ESQ. (8857)
MICHAEL C. KANE, ESQ. (10096)
BRANDON A. BORN, ESQ. (15181)
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, by and through her attorneys of record, THE702FIRM, hereby demands a jury

trial of all issues in the above matter.

DATED this ___14th___ day of October, 2021.

**THE702FIRM INJURY ATTORNEYS**

BRADLEY J. MYERS, ESQ. (8857)
MICHAEL C. KANE, ESQ. (10096)
BRANDON A. BORN, ESQ. (15181)
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
*Counsel for Plaintiff*
